UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
DEXTER S. MOTTLEY,                                       :
                                                        :     **MEMORANDUM DECISION AND**
                                    Plaintiff,           :     **ORDER**
                                                        :
            - against -                                  :     25-cv-3609 (BMC)
                                                        :
CONNECTONE BANCORP, INC., et al.                         :
                                                        :
                                    Defendants.          :
-------------------------------------------------------- X

**COGAN**, District Judge.

While employed at ConnectOne, plaintiff learned that a coworker had taken policy

documents from his prior employer, Investors Bank, and copied them for use at ConnectOne.  On

two separate occasions, plaintiff disclosed to his direct supervisor his concerns about that

employee's actions.  Four months after the most recent disclosure, plaintiff was terminated.

Plaintiff subsequently brought this diversity action under state whistleblower protection law,

New York Labor Law ("NYLL") § 740, alleging that he was fired for reporting what he

perceived as illegal conduct.  The Court does not consider whether plaintiff's two disclosures to

his supervisor constituted whistleblowing under § 740 because there is no evidence from which a

jury could reasonably find that plaintiff was terminated in retaliation for those disclosures.

Accordingly, the Court grants defendant's motion for summary judgment.

**BACKGROUND**

The following facts, viewed in the light most favorable to plaintiff, are as follows.

Before his termination, plaintiff worked as a Vice President, Senior Credit Officer at

ConnectOne under the direct supervision of another Credit Officer, Thomas Miller.  Miller, in

turn, reported to Joseph Javitz, the Chief Credit Officer.  Around April 2022, ConnectOne hired

Joshua Meyers as a Senior Vice President, Senior Credit Officer.  Meyers had previously worked at Investors Bank,[1] and one of his duties was drafting revised interest rate swap policies.

On November 23, 2022, plaintiff emailed Miller asking whether ConnectOne could use materials that Meyers had obtained from Investors Bank.  Plaintiff did not send that email to anyone else, and Miller did not forward the contents of that email to Javitz.

On February 21, 2023, during a meeting at ConnectOne's headquarters, Meyers told plaintiff that he had talked about and shown documents retained from Investors Bank to Javitz. Plaintiff also observed Meyers lift a knapsack containing Investors Bank documents toward Javitz, to which Javitz responded, "no, don't do that, not here."  That same day, plaintiff messaged Miller: "[Meyers] is nuts, he brought in his big manila folder of multiple policies he brought over from Investors.  His plan it seems is to remake CNOB into Investors' image." Plaintiff did not send that message to anyone else, and Miller did not forward the contents of the message to any other person.

In 2023, ConnectOne conducted a reduction in force ("RIF") as part of its routine management of operational efficiency, departmental headcount, and business needs – the third such RIF since 2019.  The RIF eliminated twelve employment positions, including plaintiff's. ConnectOne informed plaintiff on June 28, 2023 that his position would be eliminated effective June 30, 2023.  Javitz took part in the decision to eliminate plaintiff's position, and Miller did not.  Following plaintiff's termination, ConnectOne did not hire another employee to fill plaintiff's position.  In fact, since the 2023 RIF, ConnectOne has hired only one other individual in the credit department in a position several levels above plaintiff's former position, whose responsibilities do not include plaintiff's former job responsibilities.

---

[1] Citizens Bank later acquired Investors Bank.  For consistency, the Court will refer only to Investors Bank.

Plaintiff brought this action on June 27, 2025, alleging only one claim – retaliation under NYLL § 740.

**DISCUSSION**

## I.    Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all facts in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)). There is no genuine issue of material fact "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 212 (2d Cir. 2001) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

A party may not defeat a motion for summary judgment solely through "unsupported assertions" or conjecture. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). Rather, "[t]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita, 475 U.S. at 586-87); see also Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994). Indeed, the non-moving party must offer "concrete evidence from which a reasonable juror could return a verdict in [their] favor." Anderson, 477 U.S. at 256.

3

**II.   NYLL § 740**

NYLL § 740 prohibits an employer from taking "any retaliatory action" against an employee for disclosing to a "supervisor . . . an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation."  N.Y. Lab. Law § 740(2)(a); see Callahan v. HSBC Sec. (USA) Inc., 723 F. Supp. 3d 315, 326 (S.D.N.Y. 2024). A plaintiff bringing a claim under § 740(2)(a) must therefore show (1) that he disclosed to his supervisor an activity, policy, or practice that he reasonably believed violated a law, (2) a retaliatory, or adverse, employment action, and (3) a causal connection between his disclosure and the adverse employment action.  See Callahan, 723 F. Supp. 3d at 326; Thacker v. HSBC Bank USA, N.A., No. 22-cv-7120, 2023 WL 3061336, at *6 (S.D.N.Y. April 24, 2023).

It is undisputed that plaintiff experienced an adverse employment action when ConnectOne terminated him.  See § 740(1)(e).  Therefore, the only questions before the Court are (1) whether plaintiff disclosed to his supervisor an activity, policy, or practice that he reasonably believed violated a law, and (2) whether a causal connection exists between that disclosure and his termination.  The Court first turns to whether a causal connection exists between plaintiff's alleged disclosures and his termination, because a failure to establish such a causal connection would necessitate dismissal of plaintiff's claim.  See Klein v. Brookhaven Health Care Facility, No. 23-cv-7771, 2024 WL 5074485, at *2 (2d Cir. Dec. 11, 2024) (summary order).

"It shall be a defense to any action brought pursuant to this section that the retaliatory action was predicated upon grounds other than the employee's exercise of any rights protected by this section."  § 740(4)(c).  Thus, once a defendant establishes that the adverse employment action was not predicated on the employee's exercise of his protected rights, it is plaintiff's

4

burden to "raise a triable issue of fact as to whether the grounds asserted by the defendant[] for the termination of his employment [a]re unsupported by the facts or a pretext." Lukose v. Long Island Med. Diagnostic Imaging, P.C., 120 A.D.3d 1312, 1313, 993 N.Y.S.2d 84, 86 (2nd Dep't 2014); Reda v. St. Johnland Nursing Ctr., 127 A.D.3d 950, 951, 7 N.Y.S.3d 409, 410 (2nd Dep't 2015).  As in a claim for retaliation under federal law, a plaintiff can establish pretext for purposes of defeating summary judgment "by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." Palencar v. New York Power Auth., 834 F. App'x 647, 651 (2d Cir. 2020) (quoting Kwan v. Andalex Grp. LLC, 737 F.3d 834, 846 (2d Cir. 2013)).

Defendant's proffered legitimate reason for terminating plaintiff is that it terminated him as part of a routine RIF, which was driven by cost-management objectives.  Defendant asserts that the RIF eliminated plaintiff's position and that subsequently, plaintiff's role was not filled – the remaining employees in the credit department absorbed his responsibilities.  Defendant selected twelve employees for termination based on a variety of criteria, including performance ranking, elimination of presence in certain localities, departmental seniority, role redundancy, and lack of business need for the position.  Defendant specifically selected plaintiff for termination because (1) he was the lowest-ranking Senior Credit Officer in the department; (2) the department had a material drop in loan volume on new organic business; and (3) his role was determined to be redundant.  Defendant maintains that RIFs are a routine matter of operational efficiency, and that it has conducted at least three RIFs since 2019, each documented and reviewed by human resources and finance, and approved by the bank's standard management process.  Moreover, since the 2023 RIF through which plaintiff was terminated, defendant has

5

hired only one individual into the credit department, and that individual has different responsibilities than plaintiff previously had.

Plaintiff doesn't genuinely dispute these facts. He admits that defendant routinely conducts RIFs; that his former responsibilities were absorbed by other employees in the credit department; that the 2023 RIF eliminated multiple positions; and that since that RIF, defendant has hired only one individual into the credit department for a role with different responsibilities than plaintiff's former role. Rather, despite these admissions, plaintiff maintains that defendant did not terminate him for cost reasons or because he was the lowest-ranked Senior Credit Officer in the credit department.

First, plaintiff argues that Javitz's deposition testimony proves that his work performance was "good," that he "did a quality job," that his risk-rating scorecard was "a good piece of work," and that he was competent enough to perform important assignments, suggesting that defendant terminated him for reasons other than his performance. But this argument does not raise a genuine dispute because an employee can both perform "good" and competent work and still be the "lowest-ranking member" of a department.

Next, plaintiff argues that defendant promoted another employee with fewer years of experience than him to Senior Vice President (a position above his former position) shortly before the RIF to manufacture a justification for plaintiff's termination. But defendant selected plaintiff for termination based on several reasons, only one of which was his experience. Plaintiff doesn't dispute that the credit department had a material drop in loan volume and that his role became redundant, especially as he admits that defendant did not hire another credit officer after it terminated him, and that the other employees in the department were able to absorb his former job responsibilities.

6

Plaintiff's remaining evidence is also insufficient to raise a genuine dispute that defendant's legitimate reasons for his termination are pretextual. Although plaintiff testified that Javitz knew that Meyers had appropriated documents from Investors Bank, there is no evidence that Javitz terminated plaintiff *because* of his two disclosures to Miller about Meyers' actions. Plaintiff's only evidence that Javitz even knew about those disclosures is a phone call in which Miller stated that "[Javitz] doesn't like you because you complained about the documents."[2] However, the Court cannot consider this statement because it is inadmissible for lack of personal knowledge and hearsay. See LaSalle Bank Nat. Ass'n v. Nomura Asset Cap. Corp., 424 F.3d 195, 205 (2d Cir. 2005).

Miller's statement is an opinion because he doesn't directly quote Javitz, and to be admissible under the Federal Rules of Evidence, opinion testimony by a lay witness must be rationally based on a witness's perception. Fed. R. Evid. 701(a); see Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Here, there is no evidence that Miller witnessed or had any personal knowledge that Javitz disliked plaintiff, or that Javitz knew about plaintiff's two disclosures to Miller.

Additionally, Miller's statement is hearsay because Miller made the statement out of court, and plaintiff offers it as evidence that Javitz knew about his disclosures to Miller. See Fed. R. Evid. 801(c). Although a statement by an employee of an opposing party is ordinarily excluded from the rule against hearsay, see Fed. R. Evid. 801(d)(2)(D), Miller is not such an

---

[2] Plaintiff also argues that Miller stated that Javitz "has some beef with you for complaining against him," but cites only to his complaint in support of that statement. That is inadequate, as "a plaintiff opposing summary judgment may not rely on his complaint to defeat the motion[.]" Sanders-Peay v. New York City Dep't of Educ., No. 20-cv-1115, 2024 WL 3937597, at *7 (E.D.N.Y. Aug. 26, 2024) (quoting Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996)); see Brockington v. Dollar Gen. Corp., No. 22-cv-6666, 2025 WL 486173, at *1 n.1 (S.D.N.Y. Feb. 13, 2025) ("[A] complaint 'is not evidence with which a party can oppose a motion for summary judgment.'").

employee for purposes of this rule.  Plaintiff has submitted no evidence that Miller made the statement within the scope of his employment as a credit officer for defendant, and it is undisputed that Miller did not participate in plaintiff's termination.  See Pappas v. Middle Earth Condo. Ass'n, 963 F.2d 534, 537 (2d Cir. 1992) (explaining that a sufficient foundation to support a statement under Rule 801(d)(2)(D) requires that the party submitting the statement establish that it relates to a matter within the scope of the declarant's employment); cf. Weaver v. Bloomberg L.P., 717 F. Supp. 3d 372, 387 (S.D.N.Y. 2024) ("[A] declarant 'need only be an advisor or other significant participant in the decision-making process that is the subject matter of the statement' for the statement 'to be deemed within the scope of his agency.'").

Plaintiff's only other evidence of causation is temporal proximity, but there is no temporal proximity.  Given that defendant has proffered a legitimate reason for terminating him, a temporal proximity of around seven months and four months respectively between plaintiff's November 2022 and February 2023 disclosures and his June 2023 termination is insufficient here to establish a causal connection.  See Esmilla v. Cosmopolitan Club, 936 F. Supp. 2d 229, 245 (S.D.N.Y. 2013) (explaining that in the absence of a "bright line" defining its "outer limits," "the Court must 'exercise its judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases'").

In the absence of any admissible evidence connecting plaintiff's termination to his disclosures, no reasonable jury could find that defendant retaliated against him.  Because a failure to establish a causal connection between plaintiff's disclosures and his termination necessitates dismissal of plaintiff's entire claim, the Court grants defendant's motion for summary judgment.

**CONCLUSION**

For the foregoing reasons, the Court grants defendant's motion for summary judgment.

**SO ORDERED.**

_Brian M. Cogan_

U.S.D.J.

Dated: Brooklyn, New York
June 19, 2026

9